FILED

2017 Sep-20  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE-ANNE DENTICI,

     Plaintiff,

                              CASE NO:

vs.

BIRMINGHAM PARKING AUTHORITY,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Julie-Anne Dentici, hereby files this Complaint and sues the BIRMINGHAM PARKING AUTHORITY, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 *et seq.*, ("Americans With Disabilities Act" or "ADA") as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("the Rehabilitation Act") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.*, (hereinafter referred to as the "ADA") and 29 U.S.C. §794, *et seq.,* ("Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343 as well as supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.     Venue is proper in this Court, the Southern Division of the Northern

District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.     Plaintiff, Julie-Anne Dentici (hereinafter referred to as "Dentici") is a resident of the State of Alabama, over the age of majority, and is a qualified individual with a disability under the ADA.   Dentici has what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has cerebral palsy, requires a wheelchair for mobility and has limited use of her upper extremities.   Prior to instituting the instant action, Dentici personally availed herself of the BIRMINGHAM PARKING AUTHORITY's programs and services and personally visited the Defendant's facilities, including but not limited to the parking deck located at 2012 5th Avenue North, which is known as "Deck 5," and was denied full, safe and equal access to the subject programs, services, facilities and properties of Defendant due to their lack of accessibility and compliance with the ADA.   Dentici continues to desire to avail herself of the programs and services of BPA and continues to park in such parking deck but continues to be denied full, safe and equal access due to the violations that continue to exist.

4.     The Defendant, the BIRMINGHAM PARKING AUTHORITY (hereinafter referred to as "BPA"), is a political subdivision of the State of Alabama and a dependent agency of the City of Birmingham, Alabama.  Upon information and belief, BPA is the operator, owner and/or lessee of the programs and services offered by BPA as well as the facilities, real properties and improvements which are the subject of this BPA, including but not limited to the parking deck referenced in the foregoing paragraph.

5.     Dentici attends the Cathedral Church of the Advent located at 2017 6th Ave N, on a weekly basis and often parks in Deck 5.  However the most direct route from the accessible parking spaces to the rear and closest entry to the Cathedral Church of the Advent is not wheelchair accessible due to the presence of an abrupt change in level (step) within Deck 5, which has not been ramped.  As a result, able-bodied congregants who park in Deck 5 have a direct route to enter the church while wheelchair users such as Plaintiff must travel through the deck and around the block to gain entry to the church.

6.     All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE AMERICANS

## WITH DISABILITIES ACT

7.     Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 6 of this Complaint.

8.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

9.     In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

10.     "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

11.     The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA.   In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A or the Uniform Federal Accessibility Standards ("UFAS") can provide safe harbor to the University with regard to the new ADAAG in effect as of March 15, 2012.   However, with respect to the specific barriers to access alleged in Paragraph 24, herein below, Plaintiff asserts the defendant has not complied with either the old 1991 ADAAG, UFAS, or the new ADAAG cited herein.

Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction.

12.    Title II of the ADA and 28 C.F.R. Section 35.105 required Defendant to have completed a Self-Evaluation of its current services, policies, and practices, and the effects thereof, that do not comply with the ADA. Defendant was required to proceed to make the necessary modifications at the City Facilities.  Defendant has not completed an adequate Self-Evaluation.[2]

13.    Title II of the ADA and 28 C.F.R. Section 35.105 required Defendant to develop a Transition Plan for their facilities where structural changes in their existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities, including Plaintiff.  Defendant failed to adequately develop a Transition Plan for the subject facilities.[3]

14.    Defendant was required to have completed structural changes in its facilities over twenty years ago, and, in any event, no later than January 26, 1995.  Defendant has failed to complete the required structural changes to achieve equal program, service or activity access.

---

[2] Plaintiff does not seek to compel Defendant to perform a Self Evaluation in this action, but rather to demonstrate that Defendant was required by federal law to investigate its sidewalks and knew or should have known of the existence of the defect about which Plaintiff complains.

[3] Plaintiff does not seek to compel Defendant to perform a Transition Plan in this action, but rather to demonstrate that Defendant was required by federal law to investigate its sidewalks and knew or should have known of the existence of the defect about which Plaintiff complains and had a duty under federal law to remove those defects.

15.    As the head of a governmental and public entity charged with ensuring compliance with federal law, Defendant has known for at least twenty five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes.  Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

16.    Defendant's failure to have fully implemented all structural modifications has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities.

17.    Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint.  Defendant's discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

18.    Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue

financial and administrative burden" to the entity. 28 C.F.R. §35.149-150.  It is the burden of the entity to prove that compliance would result in such fundamental alteration or undue administrative or financial burden.  Further, any decision that compliance would result in such fundamental alteration or undue burden must be made after "considering all resources available for use in the funding and operation of service, program, or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. §35.150(a)(3).  Defendant cannot meet this burden.

19.    Plaintiff was subjected to discrimination when she attempted to use parking Deck 5 and avail herself of the programs, services and activities offered by Defendant.  Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future due to the lack of full, safe and equal access to the programs, services and activities offered by Defendant at the subject facilities.

20.    Defendant has discriminated against Plaintiff by denying her full, safe and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

21.    Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and

full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

22.    Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to the following violations, *inter alia*:

(i)    There is a step that is located within the boundaries of Deck 5 leading from the deck to the rear entry of the Cathedral Church of the Advent, which obstructs the accessible route from the accessible parking spaces to the entry of the Church by the most direct means and that route used by able-bodied congregants who park in Deck 5 to visit the Church.

24.    Upon information and belief, there are other current violations of the ADA with respect to the programs, services and facilities owned, operated and/or leased by BPA, primarily Deck 5 in the vicinity of the Cathedral Church of the Advent, located at 2012 5th Avenue North, and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

25.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by BPA pursuant to 42 U.S.C. § 12205.

26.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the

authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against BPA and request the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by BPA, are violative of the ADA;

B. That the Court enter an Order directing BPA to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing BPA to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow BPA to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

27.     Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 26 of this Complaint.

28.     Plaintiff, Julie-Anne Dentici, is a resident of BPA, Alabama with a qualified disability who is qualified to use and enjoy the programs, services, and activities provided by Defendant.

29.     Defendant's acts and omissions that result in unequal access to the programs, services, and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq*., and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq*.  Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully discriminating against Plaintiffs on the sole basis of Plaintiffs' disabilities.   Upon information and believe, the programs, services and activities at issue in this cause have benefited from federal funds.

30.     Solely by reason of her disabilities, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full and equal access to the programs and services offered by Defendant.

31.    Defendant is in violation of §504 of the Rehabilitation Act, as amended, 29 U. S. C. §794, and is intentionally discriminating against Plaintiff by failing to correct the barriers to access listed above in paragraph 22 of this Complaint.

32.    Upon information and belief, there are other current violations of the Rehabilitation Act at Defendant's facilities, and only once a full inspection is performed by Plaintiff or Plaintiff's representative can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment again Defendant and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by BPA is violative of the Rehabilitation Act;

B.    That the Court enter an Order directing BPA to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

C.    That the Court enter an order directing UA to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

E.    That the Court award reasonable attorney's fees, costs

11

(including expert fees) and other expenses of suit, to the Plaintiff; and

F. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the 20th day of September, 2017.

       Respectfully submitted,

       By:    /s/ Edward I. Zwilling
         Edward I. Zwilling, Esq.

**OF COUNSEL:**
Schwartz, Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:  (205) 822-2701
Facsimile:  (205) 822-2702
Email: ezwilling@szalaw.com